## J. MAURICE FINN v. KATE DONAHOE.

[See 83 Mich. 165.]

*Sale—Estoppel—Chattel mortgage.*

Where, on the purchase of a stock of goods, it was agreed between the vendor and vendee and the vendee's father that, if he would advance $500 to his daughter to apply on the purchase price, he should be repaid out of the first sales made by the vendee, who afterwards secured such loan by a chattel mortgage of the goods, the vendor is estopped from claiming any lien for the unpaid purchase money as against an assignee of the mortgage.

Rehearing, upon application of plaintiff, of case reported in 83 Mich. 165. Argued June 11, 1891. Decided July 28, 1891. The facts are stated in the former opinion, which is overruled.

*Hayden & Young,* for appellant.

*E. E. Osborn (Charles R. Whitman,* of counsel), for plaintiff.

LONG, J. This case was in this Court, and an opinion filed November 14, 1890, which is reported in 83 ·Mich. 165. After the decision was rendered, a motion for a rehearing was presented, and a rehearing granted. The case has now been fully argued by counsel.

The reasons given by plaintiff's counsel for rehearing are:

"1. Because the Court misapprehended the case, as shown by the "record, as to the point on which the judgment was reversed.

"2. Because Mrs. Donahoe is estopped from claiming out of the proceeds of the millinery stock the payment of

any portion of the indebtedness to herself, as against Mr. Downing.

"3. Because Mrs. Donahoe cannot hold the stock, either under the bill of sale or under verbal agreement, to secure the payment for goods added to the stock by Mr. Donahoe, as purchaser or guarantor, and for which Mrs. Donahoe was in no respect liable.

"4. Because all the goods which were added to the stock subsequent to its purchase by Mrs. Southerland were fully paid for; part in cash, and .the remainder in goods taken from the store by Donahoe.

"5. Because it is undisputed that no payment upon the bill of sale was due Mrs. Donahoe before July 1. She took possession upon May 21, under a verbal agreement not sufficient to constitute a pledge. Her possession at the time the writ was issued must have been under such verbal agreement, which, being neither a pledge nor a mortgage, is no defense in this case.

"6. Because there has never been a hearing upon the point upon which the judgment was reversed."

Counsel for plaintiff now argue that it is not contended that the agreement between Mrs. Sutherland, Mrs. Donahoe, and Mr. Downing, by which Downing was induced to advance $500 to his daughter to enable her to buy the stock, constituted either a mortgage or an agreement for a mortgage on the stock; but it is contended that when Mrs. Donahoe agreed with Downing that, if he would advance this money, he should be repaid out of the first proceeds of sales of the property, and was thereby enabled to make a sale which she was seeking to accomplish, she is now estopped from setting up a subsequent agreement between herself and Mrs. Sutherland to defeat Downing's claim for those proceeds.

The facts are so fully stated in the former opinion that it is not necessary to restate them here. It was there held by this Court that if Mrs. Donahoe went into possession of the goods under her bill of sale with the consent of Mrs. Sutherland, and was in such possession when the chattel mortgage was executed, then her rights were

superior to the mortgagee, or his assigns, and therefore it would make no difference that the bill of sale was not on file. It is quite apparent from the argument now presented that the Court, in passing upon the case on the former argument, was laboring under a misapprehension as to what the real claim of the plaintiff was. It was understood by this Court that the plaintiff was attempting to assert his rights as mortgagee, or as assignee of the mortgagee, and claiming that his mortgage should have priority of lien over Mrs. Donahoe's bill of sale, for the reason that she had kept it from the record, but that, if she claimed under a verbal arrangement made with Mrs. Sutherland as to possession, there was no such possession by Mrs. Donahoe as would operate as a prior claim to the mortgage in the hands of plaintiff, who apparently took it in good faith.

We think from the arguments now made, and after a thorough consideration of the points in controversy, that plaintiff's counsel are right in their contention, that Mrs. Donahoe must be held estopped from setting up any claim to the goods to defeat the mortgage. The case was very fairly and fully submitted to the jury under the charge of the court. The court charged the jury that if they found, from the evidence, that the agreement between the parties was that Mrs. Sutherland was to pay her father the $500 before paying the defendant, then the plaintiff would be entitled to recover; for the mortgage under which he claims was one given by Mrs. Sutherland in pursuance of that agreement with her father, and by her father assigned to the plaintiff, and he would succeed in that event to the rights of the mortgagee.

Had we understood the position of plaintiff's counsel before the former opinion was rendered as we now understand it, a different conclusion would have been reached.

As we now understand it upon further argument, we are satisfied that there was no error in the case; and the former opinion must be overruled, and the judgment affirmed, with costs.

MORSE and MCGRATH, JJ., concurred with LONG, J.

CHAMPLIN, C. J., took no part in the decision, and GRANT, J., did not sit.